UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CV-145-BR

| | |
|---|---|
| NATHANIEL COLEMAN and ) | |
| BRITTANIE COLEMAN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CHRYSLER LLC, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on plaintiffs' 1 April 2008 motion to remand this action to state court. The motion has been fully briefed and is ripe for disposition.

## I. BACKGROUND

Plaintiffs filed this action *pro se* on 21 February 2008 in the Superior Court of Wake County, North Carolina. The verified complaint alleges a violation of North Carolina's New Motor Vehicle Warranties Act ("the Warranties Act"), N.C. Gen. Stat. §§ 20-351 et seq. (Compl. ¶¶ 15-27.) On 4 November 2006, plaintiffs entered into a lease agreement for a vehicle manufactured by defendant. (Id. ¶ 6 and Exh. A.) The complaint alleges that plaintiffs have had numerous problems with the vehicle and seek damages under the Warranties Act. (Compl. ¶¶ 8-14; Prayer for Relief.)

## II. DISCUSSION

Plaintiffs seek remand on the grounds that the amount in controversy is insufficient to give the court diversity jurisdiction under 28 U.S.C. § 1332. (Br. Supp. Mot. Remand at 7.)

> All defendants have a statutory right to remove any civil action brought in state court over which "the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a); Davis v. North Carolina Dep't of Corr., 48 F.3d 134, 138 (4th Cir. 1995). However, because of inherent federalism concerns, federal courts

construe removal jurisdiction quite strictly. Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). "Due regard for the rightful independence of state governments . . . requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the [removal] statute has defined." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941) (citations omitted). If it appears that there is a defect in the removal of the action, a party can make a motion to remand the case to state court, provided that such a motion comes "within 30 days after the filing of the notice of removal . . . ." 28 U.S.C. § 1447(c). The party seeking to preserve the removal then bears the burden of establishing federal jurisdiction. Mulcahey, 29 F.3d at 151; McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). Ultimately, if the propriety of federal jurisdiction is doubtful, a remand is necessary. Mulcahey, 29 F.3d at 151.

Dash v. FirstPlus Home Loan Owner Trust, 248 F. Supp. 2d 489, 496 (M.D.N.C. 2003) (some citations omitted).

Both parties have submitted calculations regarding the potential award plaintiffs may obtain under the Warranties Act. (Br. Supp. Mot. Remand at 4-7; Br. Opp. Mot. Remand at 5-7.) The Warranties Act provides in relevant part that if a lessee succeeds on a claim under the Warranties Act, the manufacturer:

> (b) . . . shall, at the option of the [lessee], replace the vehicle with a comparable new motor vehicle or accept return of the vehicle from the [lessee] and refund the following:
>
> (1) To the [lessee]:
>
>   a. All sums previously paid by the [lessee] under the terms of the lease;
>
>   b. All sums previously paid by the [lessee] in connection with entering into the lease agreement, including, but not limited to, any capitalized cost reduction, sales tax, license and registration fees, and similar government charges; and
>
>   c. Any incidental and monetary consequential damages.
>
> (2) To the lessor, a full refund of the lease price, plus an additional amount equal to five percent (5%) of the lease price, less eighty-five percent (85%) of the amount actually paid by the consumer to the lessor pursuant to the lease. The lease price means the actual purchase cost of the vehicle to the lessor.

2

N.C. Gen. Stat. § 20-351.3. The Warranties Act also provides that any "refund to the [lessee] shall be reduced by a reasonable allowance for the [lessee]'s use of the vehicle[,]" which is calculated by a specific formula set forth in the statute. Id. § 20-351.3(c). Finally, the Act requires the court to treble the damages of the lessee as noted above "upon a finding that the manufacturer unreasonably refused to comply" with the Act, and allows the court to award "[a] reasonable attorney's fee to the prevailing party" in certain circumstances. Id. § 20-351.8.

The parties are in some agreement as to several components of the above allowable damages. (Br. Supp. Mot. Remand at 4-5; Br. Opp. Mot. Remand at 5-6.) Most importantly, they agree that plaintiffs' potential damages under N.C. Gen. Stat. § 20-351.3(b), even if trebled, would be insufficient to meet the amount in controversy. (Br. Supp. Mot. Remand at 6 (contending that plaintiffs could potentially recover $10,769.53, which when trebled is $32,308.59); Br. Opp. Mot. Remand at 6 (contending that plaintiffs could potentially recover $6,981.20, which when trebled is $20,943.60).)

However, defendant contends that because the Warranties Act makes provision for refunds to both the lessee and the lessor, its total potential exposure is $32,515.03 ($6,981.20 to plaintiffs and $25,533.83 to the lessor), which, when trebled, would meet the amount in controversy.[1] (Br. Opp. Mot. Remand at 6.) However, as plaintiffs point out, the lessor is not a party to this action, and therefore, the court cannot consider defendant's potential liability to the lessor in considering whether the amount in controversy is met. See, e.g., Reason v. General Motors Corp., 896 F. Supp. 829, 832 (S.D. Ind. 1995) (automobile passenger who was injured in accident settled with driver and brought products liability action in state court against manufacturer; court allowed motion to remand

---

[1] As plaintiffs correctly point out, the statute provides only for the trebling of the lessee's damages, not the lessor's. (Reply Supp. Mot. Remand at 2-3.)

3

on the grounds that the manufacturer "cannot satisfy the amount in controversy requirement by counting plaintiffs' claims against settlement with [a] non-party" to the products liability action); Reilly Tar & Chemical Corp. v. Burlington Northern R. Co., 589 F. Supp. 275, 279 (D. Minn. 1984) (plaintiff was defendant in another, related action and brought the instant action in order to conduct discovery intended to amass evidence as to another party's liability; while "plaintiff's complaint alleges that the amount in controversy meets the statutory requirement, it is clear that the amount is based solely upon the potential financial benefit to plaintiff in defending" itself in the related action. "However, a court may not look to the collateral effect of a judgment on matters not directly involved in the suit in issue in determining the amount in controversy."); Cobble v. Value City Furniture, No. 3:06-CV-631-M, 2007 WL 2228156, *1 (W.D. Ky. July 27, 2007) (action brought in federal court against furniture store alleging violations of state law; noting that "the only compensatory damages that the Court could consider for purposes of assessing whether Plaintiff satisfied the amount-in-controversy requirement were the damages that Plaintiff sought on his own behalf" and thus the court could not consider the "mental anguish" suffered by the plaintiff's non-party wife).

4

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion to remand this case to state court is ALLOWED. The clerk is hereby DIRECTED to mail a certified copy of this order to the clerk of the Wake County Superior Court pursuant to 28 U.S.C. § 1447(c) and close this case.

This 28 April 2008.

                                          W. Earl Britt
                                          Senior U.S. District Judge

nbc/cllc/tec